UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
:
DAVID J. SAFRAN,                  :
                                  :       ORDER
        Plaintiff,                :       12-cv-599 (JFB)
                                  :
        - against -               :
                                  :
SHERIFF OF NASSAU COUNTY,         :
                                  :
        Defendant.                :
----------------------------------X
DAVID J. SAFRAN,                  :
                                  :
        Plaintiff,                :       ORDER
                                  :       12-cv-3296 (JFB)
        - against -               :
                                  :
SUPERINTENDENT,                   :
                                  :
        Defendant.                :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

In Case No. 12-cv-599, *pro se* petitioner David J. Safran seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 which is dated February 1, 2012, and makes an application to proceed *in forma pauperis*, which is dated February 27, 2012. On April 11, 2012, the Court ordered plaintiff to file a letter by May 4, 2012 explaining how he had exhausted his state court remedies, and enclosing the form complaint for a habeas corpus petitioner pursuant to 28 U.S.C. § 2254. Petitioner subsequently filed letters on April 27, 2012, April 30, 2012, May 7, 2012, and May 31, 2012, though he did not return a completed form complaint. It is unclear from these letters whether petitioner has exhausted his state court remedies.

In Case No. 12-cv-3296, initially filed in the Northern District of New York, *pro se* petitioner seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 which is dated April 3, 2012. On May

3, 2012, the Honorable Norman A. Mordue dismissed the petition for a writ of habeas corpus without prejudice, holding that (1) petitioner failed to follow the correct procedures in filing the petition and (2) his claims appeared to be unexhausted. On June 13, 2012, petitioner filed a letter, which Judge Mordue construed as a Motion for Reconsideration. In that letter, petitioner requested that the Court grant him "poor person status and process all papers" as soon as possible. On June 28, 2012, Judge Mordue granted petitioner's request for *in forma pauperis* status "for purposes of filing his letter motion only," and granted the letter motion for reconsideration. Judge Mordue reopened the action and transferred the case to the Eastern District of New York.

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g.*, *Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Trans. Comm'cns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted). Cases may be consolidated even

where, as here, certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*, 950 F.2d at 92; *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, in both cases, petitioner appears to challenge the same convictions (a Suffolk County conviction, 00388-2011, and a Queens County conviction, 00926-2011). Thus, the petitions involve common questions of law and fact. Accordingly,

IT IS HEREBY ORDERED that the Clerk of Court consolidate 12-cv-3296 under the first case filed, docket number 12-cv-599; and

IT IS FURTHER ORDERED that the Clerk of Court shall close 12-cv-3296 and direct any further filings in that case to 12-cv-599.

3

Furthermore, under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." In a separate Order to Show Cause, the Court will direct respondent to address only the Suffolk County conviction. Petitioner may file a separate petition seeking relief with respect to the Queens County conviction.

Finally, on February 29, 2012, *pro se* petitioner David Safran filed an application to proceed *in forma pauperis*. Upon review of the plaintiff's application, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is GRANTED.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: July 20, 2012
Central Islip, New York

4